In the United States District Court
For the Eastern District of Wisconsin
Green Bay Division

| | |
|---|---|
| **Michael Langenhorst, Michael D. LeMay, Stephen Fifrick**,<br>*Plaintiffs,*<br><br>v.<br><br>**Laure Pecore**, in her official capacity as Clerk of Menominee County, Wisconsin; **Scott McDonell**, in his official capacity as Clerk of Dane County, Wisconsin; **George L. Christenson**, in his official capacity as Clerk of Milwaukee County, Wisconsin; **Julietta Henry**, in her official capacity as Milwaukee County, Wisconsin Elections Director; **Rick Baas**, **Dawn Martin**, and **Tim Posnanski**, in their official capacities as Milwaukee County, Wisconsin Election Commissioners; **Ann S. Jacobs**, in her official capacity as Chair of the Wisconsin Elections Commission, **Mark L. Thomsen**, in his official capacity as Vice-Chair of the Wisconsin Elections Commission, **Marge Bostelmann**, in her official capacity as Secretary of the Wisconsin Elections Commission; **Julie M. Glancey**, **Dean Knudson**, and **Robert F. Spindell, Jr.** in their official capacities as Wisconsin Election Commissioners; and **Tony Evers**, in his official capacity as Governor of the State of Wisconsin,<br>*Defendants* | Case No.: 1:20-cv-1701<br><br>**Plaintiff's Memorandum Supporting Motion to Expedite**<br><br>**Expedited Consideration Requested** |

**Plaintiffs' Memorandum Supporting Their Motion to Expedite**

Plaintiffs Michael Langenhorst, Michael D. LeMay, and Stephen Fifrick (collectively "Voters"), pursuant to Federal Rule of Civil Procedure 57, move this Court for an expedited schedule, expedited discovery, and an expedited hearing on the merits of Plaintiffs' *Verified*

*Complaint for Declaratory and Injunctive Relief.*

Voters will be irreparably harmed unless this matter is fully resolved on an expedited basis and request a prompt scheduling conference to establish an expedited schedule for the resolution of this case.

Voters allege that their U.S. Constitutional right to vote has been infringed by vote dilution because illegal ballots were cast and counted in the identified counties, which casts in doubt on the result of the election for Presidential Electors in these counties and in the state. Voters believe that the proof of these illegal ballots lies in the official, nonpublic polling lists and other nonpublic information and seek immediate access to that official data.

Voters have no remedy at law if the presidential-election results from the identified counties are included in the certified totals for election of Presidential Electors from this state. The Presidential Electors are to be certified by December 8 and to meet and vote on December 14, 2020, leaving insufficient time for a new election in the counties involved, and so the appropriate remedy is to disallow the election results in the identified counties. Because the constitutional and statutory procedures for the Electoral College move expeditiously, this case must be resolved expeditiously.

Voters propose the following schedule:

(1) All discovery requests and responses thereto, and all third party subpoenas and responses thereto shall be completed no later than November 18, 2020;

(2) A trial brief will be filed with the Court by all parties no later than one business day prior to the scheduled trial on the merits;

(3) A trial on the merits to be scheduled the week of November 23, 2020; and

(4) This Court will rule promptly on the matter after the trial on the matter.

**Request for Expedited Discovery**

Voters will be irreparably harmed if discovery is not expedited. Voters will perform complete data analysis to demonstrate that sufficient illegal ballots were included in the election results in identified counties to change or place in doubt the November 3 presidential-election results. Voters will submit expert reports based on data analysis comparing state mail-in/absentee, provisional, and poll-book records for this election, which are currently not publicly available, with state voter-registration databases, United States Postal Service ("USPS") records, Social Security records, criminal-justice records, department-of-motor-vehicle records, and other governmental and commercial sources by using sophisticated and groundbreaking programs to detect and quantify the extent of illegal voters and illegal votes, including double votes, votes by ineligible voters, votes by phantom (fictitious) voters, felon votes (where illegal), non-citizen votes, illegal ballot harvesting, and pattern recognition to identify broader underlying subversion of the election results.

Voters have persons already in place with such expertise and data-analysis software who have begun preliminary analysis of available data to which final data, not currently publicly available such as the official poll list, will be added. However, much of the information necessary for the expert report is not publicly available and is in the hands of Defendants or other government agencies. Expedited discovery is necessary to obtain this information.

The usual discovery timetable will not allow the gathering of official, nonpublic, up-to-date data necessary for the analyses that are central to Voters' claims. Voters request this Court waive certain discovery rules in order to expedite discovery to allow them access to this data and

3

enable the case to proceed under the proposed schedule.

Accordingly, Voters request that this Court order expedition of all discovery according to the proposed schedule and waive certain discovery rules that would impede expedited discovery, as follows.

(1) Voters request that this Court waive the provisions of Federal Rule of Civil Procedure 26(a)(1) requiring initial disclosure and order that initial disclosure need not be made in order to expedite discovery.

(2) Voters further request that this Court waive the requirements of Federal Rule of Civil Procedure 26(f) that parties must confer before initiating discovery and order that Voters may begin discovery immediately pursuant to Federal Rule of Civil Procedure 26(d)(1).

(3) Voters further request that this Court waive the requirements of Federal Rule of Civil Procedure 45(a)(4) of notice to all parties prior to serving third party subpoenas and permit third party subpoenas to be served immediately without prior notice.

(4) Voters further request that discovery be allowed to proceed irrespective of any Preliminary Pretrial Conference pursuant to Civil Local Rule 16(a), and that discovery may proceed prior to any Preliminary Pretrial Conference.

(5) Voters further request that discovery be allowed to proceed irrespective of any LcvR 16.1 Pretrial Conference, and that any requirement of such Pretrial Conference to plan discovery before discovery may proceed be waived.

(6) Voters further request that discovery be allowed to proceed irrespective of parties conferring pursuant to LR 26.1(a) and (b), that the requirement for conference, scheduling, and creating a discovery plan be waived, and that discovery may proceed forthwith.

(7) Voters further request that any local rule regarding requirements for preliminary pretrial conferences, pretrial conferences, and discovery plans are waived so that discovery may proceed forthwith.

**Conclusion**

For these reasons, Voters respectfully request this Court order:

(1) All discovery requests and responses thereto, and all third party subpoenas and responses thereto, shall be expedited and completed no later than November 18, 2020;

(2) A trial brief will be filed with the Court by all parties no later than one business day prior to the scheduled trial on the merits;

(3) A trial on the merits to be scheduled the week of November 23, 2020,

(4) This Court will rule promptly on the matter after the trial on the matter, and

(5) With respect to discovery,

    (a) The Court waives the provisions of Federal Rule of Civil Procedure 26(a)(1) requiring initial disclosure and orders that initial disclosure need not be made in order to expedite discovery.

    (b) The Court waives the requirements of Federal Rule of Civil Procedure 26(f) that parties must confer before initiating discovery and orders that Voters may begin discovery immediately pursuant to Federal Rule of Civil Procedure 26(d)(1).

    (c) The Court waives the requirements of Federal Rule of Civil Procedure 45(a)(4) of notice to all parties prior to serving third party subpoenas and permits third party subpoenas to be served immediately without prior notice.

    (d) The Court orders that discovery be allowed to proceed irrespective of any

5

Case 1:20-cv-01701-WCG   Filed 11/13/20   Page 5 of 8   Document 8

Preliminary Pretrial Conference pursuant to Civil Local Rule 16(a), and that discovery may proceed prior to any Preliminary Pretrial Conference.

   (f) The Court orders that discovery be allowed to proceed irrespective of any LcvR 16.1 Pretrial Conference, and that any requirement of such Pretrial Conference to plan discovery before discovery may proceed be waived.

   (g) The Court orders that discovery be allowed to proceed irrespective of parties conferring pursuant to LR 26.1(a) and (b), that the requirement for conference, scheduling, and creating a discovery plan be waived, and that discovery may proceed forthwith.

Date: November 13, 2020

Respectfully Submitted,


/s/ Michael D. Dean
Michael Dean (WI #SBN 01019171)
P.O. Box 2545
Brookfield, WI 53008
*Local Counsel for Plaintiffs*

James Bopp, Jr. (IN #2838-84)
  jboppjr@aol.com
Richard E. Coleson (IN #11527)
  rcoleson@bopplaw.com
Jeffrey P. Gallant (VA #46876)
  jgallant@bopplaw.com
Rob Citak (KY #98023)
  rcitak@bopplaw.com

True the Vote, Inc.
Validate the Vote Project
THE BOPP LAW FIRM, PC
1 South Sixth St.
Terre Haute, IN 47807-3510
Telephone: 812/232-2434
*Lead Counsel for Plaintiffs*

7

**Certificate of Service**

I hereby certify that on November 13, 2020, I caused the foregoing and all exhibits and attachments thereto in the above-captioned matter to be filed with the United States District Court for the Eastern District of Wisconsin, Green Bay Division, via the Court's CM/ECF system. I also hereby certify that I caused the foregoing and all exhibits and attachments thereto in the above-captioned matter to be served via email upon:

Scott McDonell, Clerk of Dane County, Wisconsin;

George L. Christenson Clerk Milwaukee County, Wisconsin;

Julietta Henry Milwaukee County Elections Director;

Rick Bass, Dawn Martin, Tim Posnanski Milwaukee County Election Commissioners;

Ann S. Jacobs, Mark L. Thomsen, Marge Bostelmann, Julie M. Glancy, Dean Knudson, Robert F. Spindell, Jr., Wisconsin Election Commissioners.

/s/ Michael D. Dean
Michael D. Dean