# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

MICHAEL LANGENHORST, *et al.*,

        Plaintiffs,

v.                                             Case No. 1:20-CV-01701-WCG

LAURE PECORE, in her official capacity as
Clerk of Menominee County, *et al.*,

        Defendants.

## Intervenor-Defendant's Proposed Answer to Amended Complaint for Declaratory and Injunctive Relief

Intervenor-Defendant Democratic Party of Wisconsin (DPW), by and through its attorneys, answers Plaintiffs' amended complaint for declaratory and injunctive relief ("complaint") as set forth below. Unless expressly admitted, each allegation in the complaint is denied, and the DPW demands strict proof thereof.

## Introduction

1. Paragraph 1 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

2. Paragraph 2 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

3. Paragraph 3 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

## Jurisdiction and Venue

4. In response to paragraph 4 of Plaintiffs' complaint, Intervenor DPW denies that this Court has subject-matter jurisdiction or supplemental jurisdiction over state-law claims.

5. In response to paragraph 5 of Plaintiffs' complaint, Intervenor DPW denies that this Court has subject-matter jurisdiction or supplemental jurisdiction over state-law claims.

6. In response to paragraph 6 of Plaintiffs' complaint, Intervenor DPW denies that venue is appropriate in this district.

## Parties

7. In response to paragraph 7 of Plaintiffs' complaint, Intervenor DPW lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied. In addition, Paragraph 7 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

8. In response to paragraph 8 of Plaintiffs' complaint, Intervenor DPW lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied. In addition, Paragraph 8 of Plaintiffs' complaint contains mere

characterizations, legal contentions, conclusions, and opinions to which no response is required.

9. In response to paragraph 9 of Plaintiffs' complaint, Intervenor DPW lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied. In addition, Paragraph 9 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

10. In response to paragraph 10 of Plaintiffs' complaint, Intervenor DPW lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied. In addition, Paragraph 10 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

11. In response to paragraph 11 of Plaintiffs' complaint, Intervenor DPW lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied. In addition, Paragraph 11 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

12. In response to paragraph 12 of Plaintiffs' complaint, Intervenor DPW lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied. In addition, Paragraph 12 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

13. In response to paragraph 13 of Plaintiffs' complaint, Intervenor DPW lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and

they are therefore denied. In addition, Paragraph 13 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

14. In response to paragraph 14 of Plaintiffs' complaint, Intervenor DPW admits that Scott McDonell is the Clerk of Dane County, Wisconsin. Paragraph 14 of Plaintiffs' complaint otherwise contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

15. In response to paragraph 15 of Plaintiffs' complaint, Intervenor DPW admits that Ann S. Jacobs, Mark L. Thomsen, Marge Bostelmann, Julie M. Glancey, Dean Knudson, and Robert F. Spindell, Jr. are Wisconsin Election Commissioners. Paragraph 15 of Plaintiffs' complaint otherwise contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

16. Paragraph 16 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

**Facts**

17. In response to paragraph 17 of Plaintiffs' complaint, Intervenor DPW admits that the state certification of Presidential Electors prescribed in 3 U.S.C. § 6 will occur this year by December 8, and the Electoral College votes on December 14. The remainder of paragraph 17 of Plaintiffs' complaint contains mere characterizations, legal contentions, conclusions, and opinions to which no response is required.

18. Plaintiffs are stating their interpretation of the law to which no response is required. To the extent Plaintiffs' characterization and interpretation of Wisconsin law differ from the text of the referenced statutory provisions, Intervenor DPW denies those allegations.

19. In response to paragraph 19 of Plaintiffs' complaint, Intervenor DPW admits that the unofficial statewide vote count for Wisconsin was 1,630,503 to 1,610,076 in favor of Biden/Harris, that the Milwaukee County vote count was 317,251 for Biden/Harris, 134,355 for Trump/Pence, that in Menominee County, the vote count was 1303 to 278 in favor of Biden/Harris, and in Dane County, the vote count was 260,157 to 78,789 in favor of Biden/Harris.

20. Intervenor DPW denies the allegations in paragraph 20 of Plaintiffs' complaint.

21. Paragraph 21 of Plaintiffs' complaint contains mere legal contentions, characterizations, and opinions to which no response is required.

22. Paragraph 22 of Plaintiffs' complaint contains mere legal contentions, characterizations, and opinions to which no response is required.

23. Paragraph 23 of Plaintiffs' complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent any response is required, Intervenor DPW denies the allegations of paragraph 23.

24. Paragraph 24 of Plaintiffs' complaint attempts to quote, paraphrase, and/or interpret newspaper and web articles. To the extent Plaintiffs' interpretation and characterization differ from the text of the articles, Intervenor DPW denies the allegations. Paragraph 24 of Plaintiffs' complaint otherwise contains mere legal contentions to which no response is required.

25. Intervenor DPW lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 25, and they are therefore denied.

26. Paragraph 26 of Plaintiffs' complaint contains mere legal contentions, characterizations, and opinions to which no response is required. Intervenor DPW otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 26, and they are therefore denied.

27. Intervenor DPW lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 26, and they are therefore denied.

28. Paragraph 28 of Plaintiffs' complaint contains mere legal contentions, characterizations, and opinions to which no response is required.

29. Paragraph 29 of Plaintiffs' complaint contains mere legal contentions, characterizations, and opinions to which no response is required. Intervenor DPW otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 29, and they are therefore denied.

30. Intervenor DPW lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 30, and they are therefore denied.

31. In response to paragraph 31 of Plaintiffs' complaint, Plaintiffs are stating their interpretation of the law to which no response is required. To the extent Plaintiffs' characterization and interpretation of Wisconsin law differ from the text of the statutes, Intervenor DPW denies the allegations. Intervenor DPW otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations made in paragraph 31, and they are therefore denied.

32. Paragraph 32 of Plaintiffs' complaint attempts to quote, paraphrase, and/or interpret a publication by the Wisconsin Election Commission. To the extent Plaintiffs' interpretation differs from the text of the publication, Intervenor DPW denies the allegations. Paragraph 32 of Plaintiffs' complaint otherwise contains mere legal contentions, characterizations, and opinions to which no response is required.

33. Paragraph 33 of Plaintiffs' complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, Intervenor DPW denies the allegations of paragraph 33.

34. Intervenor DPW denies that Wisconsin has a history of voter fraud claims. Paragraph 34 otherwise attempts to quote, paraphrase, and/or interpret a news article. To the extent Plaintiffs' interpretation differs from the text of the publication, Intervenor DNC denies the allegations. Paragraph 34 of Plaintiffs' complaint otherwise contains mere legal contentions, characterizations, and opinions to which no response is required.

35. Paragraph 35 attempts to quote, paraphrase, and/or interpret a news article. To the extent Plaintiffs' interpretation differs from the text of the publication, Intervenor DNC denies the allegations. Paragraph 35 of Plaintiffs' complaint otherwise contains mere legal contentions, characterizations, and opinions to which no response is required.

36. Intervenor DPW lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied.

37. Intervenor DPW lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied.

38. Intervenor DPW lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied.

39. Intervenor DPW lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied.

40. Intervenor DPW lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied.

41. Intervenor DPW lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied.

42. Intervenor DPW lacks knowledge or information sufficient to form a belief as to the truth of these allegations, and they are therefore denied.

43. Intervenor DPW denies the allegations of paragraph 43.

44. Intervenor DPW denies the allegations of paragraph 44.

45. Intervenor DPW denies the allegations of paragraph 45.

46. Paragraph 46 of Plaintiffs' complaint contains mere legal contentions, characterizations, and opinions to which no response is required. To the extent a response is required, Intervenor DPW denies the allegations of paragraph 46.

## Claims
### Count I

47. Paragraph 47 of Plaintiffs' complaint contains mere legal conclusions to which no response is required.

48. Paragraph 48 of Plaintiffs' complaint contains mere legal conclusions to which no response is required.

49. Paragraph 49 of Plaintiffs' complaint contains mere legal conclusions to which no response is required.

50. Paragraph 50 of Plaintiffs' complaint contains mere legal conclusions to which no response is required.

51. Paragraph 51 of Plaintiffs' complaint contains mere legal conclusions to which no response is required.

52. Paragraph 52 of Plaintiffs' complaint contains mere legal conclusions to which no response is required.

53. Paragraph 53 of Plaintiffs' complaint contains mere legal conclusions to which no response is required.

54. Paragraph 54 of Plaintiffs' complaint contains mere legal conclusions, characterizations, and opinions to which no response is required.

55. Paragraph 55 of Plaintiffs' complaint contains mere legal conclusions to which no response is required.

56. Paragraph 56 of Plaintiffs' complaint contains mere legal conclusions to which no response is required.

57. Paragraph 57 of Plaintiffs' complaint contains mere legal conclusions to which no response is required.

58. Paragraph 58 of Plaintiffs' complaint contains mere legal conclusions to which no response is required.

59. Paragraph 59 of Plaintiffs' complaint contains mere legal conclusions, legal contentions, and opinions to which no response is required.

60. Paragraph 60 of Plaintiffs' complaint contains mere legal conclusions, legal contentions, and opinions to which no response is required.

## Prayer for Relief

Intervenor DPW denies that Plaintiffs are entitled to any relief.

## AFFIRMATIVE DEFENSES

Intervenor DPW asserts the following affirmative defenses without accepting any burdens regarding them and reserves the right to assert any further defenses that may become evident during the pendency of this matter:

### First Affirmative Defense

Plaintiffs lack standing to assert their claims.

### Second Affirmative Defense

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### Third Affirmative Defense

Plaintiffs' claims are barred by laches.

### **PROPOSED INTERVENOR'S REQUEST FOR RELIEF**

Having answered Plaintiffs' complaint, Intervenor DPW requests that the Court:

1. Deny Plaintiffs are entitled to any relief;

2. Dismiss Plaintiffs' complaint with prejudice;

3. Award Intervenor DPW its costs and attorneys' fees incurred in defending against Plaintiffs' claims in accordance with 42 U.S.C. § 1988; and

4. Grant such other and further relief as this Court deems just and proper.

Dated: November 13, 2020		Respectfully submitted,

/s/ *David L. Anstaett*

David L. Anstaett (SBN #1037884)
Charles G. Curtis, Jr. (SBN #1013075)
PERKINS COIE LLP
33 East Main Street, Suite 201
Madison, Wisconsin 53703-3095
Telephone: (608) 663-7460
Facsimile: (608) 663-7499
CCurtis@perkinscoie.com
DAnstaett@perkinscoie.com

Marc E. Elias* (DC #442007)
John M. Devaney* (DC #375465)
PERKINS COIE LLP
700 Thirteenth St., N.W., Suite 800
Washington, D.C. 20005-3960
Telephone: (202) 654-6200
Facsimile: (202) 654-9959
melias@perkinscoie.com
jdevaney@perkinscoie.com

*Counsel for Proposed Intervenor*

*\*Application for Admission Forthcoming*